UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22734-CIV-SEITZ/SIMONTON

GUCCI AMERICA, INC.,

    Plaintiff,

v.

GUODONG ZHOU, *et al.*,

    Defendants.
_____/

## ORDER GRANTING TEMPORARY RESTRAINING ORDER *EX PARTE*

THIS CAUSE is before the Court on Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction and Order Restraining Transfer of Assets Tied to the Counterfeiting Operation (the "*Ex Parte* Application for TRO and Asset Restraint"). The Court has carefully reviewed the Application, the entire Court file and is otherwise fully advised in the premises.

By the instant Application, Plaintiff, Gucci America, Inc. ("Gucci"), moves *ex parte,* for entry of a temporary restraining order and order freezing the financial accounts used by Defendants Guodong Zhou, Zheng Yueruo, Lin Feng, Wu Weilong, Shaosong Lin, Wu Jinlong, and Does 1-10 (collectively "Defendants") doing business as the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

1

## I. Factual Background

The Court bases this Order on the following facts from Plaintiff's First Amended Complaint, *Ex Parte* Application for TRO and Asset Restraint, and supporting evidentiary submissions.

Gucci is a corporation duly organized under the laws of the State of New York, with its principal place of business in the United States located at 685 Fifth Avenue, New York, New York 10022. (First Amended Complaint, ¶ 2.) Gucci is engaged in the manufacture, promotion, distribution, and sale in interstate commerce, including within this Judicial District, of high quality products under multiple federally registered trademarks. (Declaration of Stacy Feldman in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction and Order Restraining Transfer of Assets Tied to the Counterfeiting Operation ["Feldman Decl."] ¶¶ 4-5.)

Gucci is the owner of all rights in and to the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office:

| Mark | Registration No. | Registration Date |
|---|---|---|
| GUCCI | 0,876,292 | September 9, 1969 |
| GUCCI | 0,959,338 | May 22, 1973 |
| GG (design) | 1,107,311 | November 28, 1978 |
| (Green Red Green Stripe Design) | 1,122,780 | July 24, 1979 |
| GUCCI | 1,168,477 | September 8, 1981 |
| G (design) | 3,039,629 | January 10, 2006 |

2

|  |  |  |
|---|---|---|
| [logo] | 3,072,549 | March 28, 2006 |
| [logo] | 3,376,129 | January 29, 2008 |
| [logo] | 3,378,755 | February 5, 2008 |
| [logo] | 3,391,739 | March 4, 2008 |

(collectively the "Gucci Marks") which are registered in International Classes 9, 14, 18, and 25, and are used in connection with the manufacture and distribution of, among other things handbags, wallets, footwear, belts, shirts, hats, sunglasses, and watches. (Feldman Decl. ¶ 5; *see also* United States Trademark Registrations of the Gucci Marks at issue ["Gucci Trademark Registrations"] attached as Composite Exhibit A to the Feldman Decl.)

Defendants have advertised, offered for sale, and/or sold at least handbags, wallets, footwear, belts, shirts, hats, sunglasses, and watches, bearing what Plaintiff has determined to be counterfeits, reproductions, and/or colorable imitations of the Gucci Marks. (Feldman Decl. ¶¶ 11-13; Declaration of Eric Rosaler in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Rosaler Decl."] ¶ 4 and Composite Exhibit A attached thereto; Declaration of Stephen M. Gaffigan in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Gaffigan Decl."] ¶¶ 2-5 and Composite Exhibits A, B, and C attached thereto.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Gucci Marks. (Feldman Decl. ¶ 9.)

3

Plaintiff retained Eric Rosaler ("Rosaler") of AED Investigations, Inc. to investigate suspected sales of counterfeit Gucci branded products by Defendants. (Feldman Decl. ¶ 10; Rosaler Decl. ¶ 3.) Rosaler accessed the Internet website operating under the domain name **guccireplicastore.com** and placed an order for the purchase of a Gucci branded wallet, to be shipped directly to his address located in Aventura, Florida. (Rosaler Decl. ¶ 4 and Composite Exhibit A attached thereto.) Rosaler finalized payment for the wallet via the Western Union Financial Services, Inc. account of the Defendant GuoDong Zhou and was given a Money Transfer Control Number ("MTCN") of 873-086-0081.[1] (Rosaler Decl. ¶ 6 and Composite Exhibit C attached thereto.) Thereafter, a representative of Gucci, Stacy Feldman, reviewed and visually inspected the web page listings of the Gucci branded wallet purchased by Rosaler, and determined the item was a non-genuine Gucci product. (Feldman Decl. ¶ 12.) Additionally, Feldman reviewed and visually inspected the items bearing the Gucci Marks offered for sale on the Internet websites operating under the Subject Domain Names and determined the products were non-genuine Gucci products. (Feldman Decl. ¶ 13.)

## II. Conclusions of Law

The declarations Plaintiff submitted in support of its *Ex Parte* Application for TRO and Asset Restraint support the following conclusions of law:

A.   Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, footwear, belts, shirts, hats, sunglasses, and watches bearing counterfeits, reproductions, and/or colorable imitations of the Gucci Marks, and that the products Defendants

---

[1] Rosaler instructed payment to be made to Guodong Zhou; however, the Western Union Customer Receipt identifies the Receiver as Guo Dong Zhou. (*See* Rosaler Decl. ¶ 6.)

4

are selling are copies of Plaintiff's products that bear copies of the Gucci Marks on handbags, wallets, footwear, belts, shirts, hats, sunglasses, and watches.

B. Because of the infringement of the Gucci Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's First Amended Complaint, *Ex Parte* Application for TRO and Asset Restraint, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1. Defendants are operating Internet businesses which advertise, offer for sale, and sell, at least handbags, wallets, footwear, belts, shirts, hats, sunglasses, and watches bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing handbags, wallets, footwear, belts, shirts, hats, sunglasses, and watches s bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3. There is good cause to believe that if Plaintiff proceeds on notice to Defendants on this *Ex Parte* Application for TRO and Asset Restraint, Defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

    4.  The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, footwear, belts, shirts, hats, sunglasses, and watches, if such relief is not issued; and

    5.  The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the Plaintiff.

  C.  Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants distribution and sales of counterfeit and infringing Gucci branded goods. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Products Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

  D.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995) (citing *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

  E.  In light of the inherently deceptive nature of the counterfeiting business, and Defendants' blatant violation of the federal trademark laws, Plaintiff has good reason to believe

Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Application For a Temporary Restraining Order and Order Restraining Transfer of Assets Tied to the Counterfeiting Operation is hereby **GRANTED** as follows:

(1) Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order are hereby temporarily restrained:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Gucci Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and
>
> b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Gucci Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Gucci Marks, or any confusingly similar trademarks.

(2) Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall immediately discontinue the use of the Gucci Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

(3) Each Defendant, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this

7

Order shall immediately discontinue the use of the Gucci Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

(4)  Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5)  The domain name Registrars for the Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(6)  The Registrars and VeriSign Global Registry Services, the top-level domain (TLD) Registries for the Subject Domain Names, within ten (10) days of receipt of this Temporary Restraining Order shall change the registrar of record for the Subject Domain Names to a holding account with the United States based Registrar, GoDaddy.com, Inc.  Upon transfer of the Subject Domain Names into the holding account, GoDaddy.com, Inc. will hold the Subject Domain Names in trust for the Court during the pendency of this action.  Additionally, GoDaddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where

a copy of the Complaint, First Amended Complaint, Summonses, and Temporary Restraining Order and other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") **http://servingnotice.com/zhou2/index.html** whereon a copy of the Complaint, First Amended Complaint, Summonses, and Temporary Restraining Order and other documents on file in this action are displayed. After GoDaddy.com, Inc. has effected this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or Defendants;

(7)     Plaintiff may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order;

(8)     Each Defendant shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(9)     Upon receipt of this Order, Western Union Financial Services, Inc. ("Western Union") shall divert all money transfers sent by United States consumers to GuoDong Zhou and/or Guo Dong Zhou in Guangzhou, China, People's Republic of China, with the date of birth

and identification number provided by the recipient of MTCN 873-086-0081, and hold such transfers until it receives further direction from the Court;[2]

(10)   In the event any money transfers are diverted in accordance with Paragraph 9 of this Order, Western Union shall be permitted to inform consumers who may contact Western Union about the transfers that the transfers are being held pursuant to a Court Order in Gucci America, Inc. v. Zhou, et al., Case 1:11-cv-22734-PAS, entered by the United States District Court for the Southern District of Florida and that they may contact Plaintiff's counsel for additional information;

(11)   Western Union shall also, within five business days of receiving this Order, provide to Plaintiff's counsel records of all money transfers that have been paid to GuoDong Zhou and/or Guo Dong Zhou in Guangzhou, China, People's Republic of China, with the date of birth and identification number provided by the recipient of MTCN 873-086-0081, as well as records of money transfers that have been diverted in accordance with Paragraph 9 of this Order. For any transfers that have been diverted in accordance with this Order, the Plaintiff's counsel will respond to any consumer inquiries and will provide notice of the Order and the disposition of the transfers to any affected consumer. Western Union shall receive and maintain this Order and its contents as confidential as to GuoDong Zhou, Guo Dong Zhou and any other recipient associated with the MTCN 873-086-0081, until further order of this Court;

---

[2] Western Union is licensed to do business in the State of Florida by the Florida Office of Financial Regulation and is therefore subject to personal jurisdiction in this Court. (*See* Gaffigan Decl. ¶ 11 and Exhibit F attached thereto.)

(12) This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(13) Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Thirty Thousand Dollars and Zero Cents ($30,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint. Plaintiff shall post the bond prior to requesting the Registry to transfer control of the Subject Domain Names;

(14) A hearing is set before this Court in the United States Courthouse located at 400 North Miami Avenue, Miami, Florida 33128, Courtroom 11-4, on August 26, 2011, at 1:30 p.m., or at such other time that this Court deems appropriate, at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;

(15) Plaintiff shall serve a copy of the *Ex Parte* Application for TRO and Asset Restraint and this Order on each Defendant via e-mail to the known e-mail addresses provided by Defendants to the Registrars responsible for the Subject Domain Names; 1404966988@qq.com, 314167794@qq.com, A1416658427@live.cn, hostmaster@giftsofurs.com, hostmaster@grabbinglux.com, hostmaster@hungerforurbrand.com, hostmaster@mygucci-estores.com, imhappygo@gmail.com, makemoney.888@hotmail.com, sales@brandbag2wholesale.com, sales@brandbagsave.com, sales@grabbinghandbags.com, sales@gucci2handbags.com, sales@gucci4saleonline.com, sales@guccibags2sale.com, sales@guccibagsestore.com,

11

sales@guccireplicabag.com, sales@guccireplicabags.com, sales@guccireplicahandbag.com, sales@guccireplicastore.com, sales@guccistyledrops.com, sales@luxurybags4sale.com, sales@myguccibagestore.com, sales@myguccibagestores.com, sales@myguccibagsstore.com, sales@myguccibagstores.com, sales@mygucci-estore.com, sales@mygucci-store.com, sales@myworldofwatch.com, sales@yesguccigift2u.com, sales@yesguccigifts2u.com, sales@yesluxurybagssale.com, sales@yes-myluxurybags.com, sales@yeswatcheshop.com, sales@yeswatchshop.com, webmaster@emarting.com, webmaster@tuoxieshop.com, yanuolv@yahoo.com.tw, and zhongjiheibao@gmail.com. In addition, Plaintiff shall post a copy of the *Ex Parte* Application for TRO and Asset Restraint and this Order on the website located at http://servingnotice.com/zhou2/index.html, upon transfer of the Subject Domain Names into the holding account with GoDaddy.com, Inc., and such notice so given shall be deemed good and sufficient service thereof. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing set for August 26, 2011, and filed with the Court, along with Proof of Service, on August 24, 2011. Plaintiff shall file any Reply Memorandum on or before August 25, 2011. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

DONE AND ORDERED in chambers in Miami, Florida, this 18th day of August, 2011. at 2:48 pm

_____
PATRICIA A. SEITZ
United States District Judge

cc: All Counsel of Record

# SCHEDULE "A"
# SUBJECT DOMAIN NAMES

1. 51nike.com
2. 8000bag.com
3. abercrombiefitch-tp.com
4. adaxie.com
5. adaydxie.com
6. adidas-2011.com
7. adidas543.com
8. adidas668-tw.com
9. adidas88-tp.com
10. adidasclot.com
11. adidashk.com
12. adidasoutlet-tw.com
13. adidas-play.com
14. adidasshoes-tp.com
15. adidassuperstar-shoes.com
16. adidas-tshirt.com
17. adidasy3-tp.com
18. airmax555.com
19. alife555.com
20. alifexie.com
21. allstar555.com
22. allstar-star.com
23. asoshoes-tw.com
24. balenciagatw.com
25. bape-ape-tw.com
26. birkenstockdavos.com
27. blsj11.com
28. brandbag2wholesale.com
29. brandbagsave.com
30. brandhandbags4u.com
31. btp-shoes.com
32. burberry2011.com
33. celine-tw.com
34. cjbl-shoes.com
35. ckckbe.com
36. coa11.com
37. coatw.com
38. cons-tp.com
39. converse998.com
40. converseonestar-tp.com

41. conversetp.com
42. converse-tp.com
43. dcdcdc-tw.com
44. diesel-fashion.com
45. doctorj-tw.com
46. dunhill2010-tw.com
47. dunk555.com
48. elle-tw.com
49. facebook-tp.com
50. footballclub-tw.com
51. freestyle-tw.com
52. g2000-tw.com
53. giftsofurs.com
54. grabbinghandbags.com
55. grabbinglux.com
56. gucci-1689.com
57. gucci2handbags.com
58. gucci4saleonline.com
59. guccibags2sale.com
60. guccibagsestore.com
61. gucci-bb.com
62. guccireplicabag.com
63. guccireplicabags.com
64. guccireplicahandbag.com
65. guccireplicastore.com
66. guccistyledrops.com
67. hermes-tw.com
68. hungerforurbrand.com
69. idearock-tw.com
70. iwc-2011.com
71. jingpinlb.com
72. kedsshoes-tp.com
73. kikstyo-tp.com
74. lacostepolo168.com
75. lee-tp.com
76. luxurybags4sale.com
77. lv-i.com
78. melissa-dg.com
79. momo2011.com
80. montblanc2010-tw.com
81. msprad.com
82. msriben.com
83. mssisley.com
84. myguccibagestore.com

85. myguccibagestores.com
86. myguccibagsstore.com
87. myguccibagstores.com
88. mygucci-estore.com
89. mygucci-estores.com
90. mygucci-store.com
91. myworldofwatch.com
92. nba-nike.com
93. newbuffalo-tw.com
94. nike543.com
95. nike88888.com
96. nike9a.com
97. nike-airforce3.com
98. nikeji.com
99. nikepro-tp.com
100. nikesb-taiwan.com
101. nike-tshirt.com
102. playboy-taiwan.com
103. play-timberland.com
104. polo-polojeans.com
105. polot-shirt318.com
106. porter2010.com
107. porter-tp.com
108. pradatw.com
109. pramomo.com
110. puma66-tp.com
111. pumatshist.com
112. ryl-shoes.com
113. shoes543.com
114. shoes-tp.com
115. shoesws.com
116. stage-polo.com
117. star-crocs.com
118. stayreal-tp.com
119. tbl-shoes.com
120. tiffany-co5.com
121. timberland555.com
122. timberland-xie.com
123. tland-tw.com
124. tommy-tw.com
125. travelfox-tw.com
126. tw-allstar.com
127. valentino-tw.com
128. vans555.com

129. vans99.com
130. watchoutlet-online.com
131. yesguccigift2u.com
132. yesguccigifts2u.com
133. yesluxurybagssale.com
134. yes-myluxurybags.com
135. yeswatcheshop.com
136. zara-tw.com
137. zlxie-tp.com

16